**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**TATIANA OSKINA #A221-389-591**            **CASE NO.  3:26-CV-01208 SEC P**

**VERSUS**                                  **JUDGE JAMES D. CAIN, JR.**

**WARDEN LASALLE I C E PROCESSING**         **MAG. JUDGE KAYLA D. MCCLUSKY**
**CENTER ET AL**

## MEMORANDUM ORDER

Before the Court is an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) wherein Petitioner, Tatiana Oskina, requests an order from the Court to immediately release her from custody, or in the alternative, order Respondents to provide Petitioner an individualized bond hearing before an Immigration Judge, enjoin Respondents from removing Petitioner to any third country unless and until (1) valid travel documents are secured, (2) the receiving country formally accepts Petitioner, (3) Petitioner is provided advance written notice, and (4) Petitioner is afforded a meaningful opportunity to respond and contest such removal.  Petitioner further requests that Respondents show cause why a preliminary injunction should not issue.

## BACKGROUND

Petitioner is a native of Russia. She alleges that she fled Russian after experiencing persecution, violence and government targeting based on her perceived political views, associations, and family background. Petitioner informs the Court that her stepfather, who is partially Ukrainian, became the target of repeated harassment and abuse, which

eventually escalated into direct physical violence against her. Petitioner reported these incidents to law enforcement who refused to intervene or provide protection, which she contends demonstrates anti-Ukrainian hostility.

Petitioner further informs the Court that her other associations also encourage a government interest in her.  Specifically, she alleges that her boyfriend who had ties to Ukraine was interrogated, and that the interrogators requested that he provide them her personal information, including her phone number and residency.  As such, Petitioner suggests that this placed her under active government scrutiny. Petitioner comments that her uncle, a lawyer in Russia, warned her that the police had her under surveillance.

Petitioner was arrested in Russia on October 6, 2024, by the authorities and detained for about 15 days, wherein she was continuously interrogated, her phone was searched, and she was accused of assisting Ukrainian families and following opposition content. Additionally, she was denied necessary medical care following surgery and she was held in harsh and degrading conditions. Petitioner believes she was under ongoing surveillance and at risk of re-arrest.

Petitioner left Russia in December 2024, and fled to Turkey; she remarks that after leaving Russia, police officers searched for her at the family residence causing her to leave Turkey and go to Mexico.  In Mexico, she was attacked and robbed, which prompted her to leave immediately to come to the United States. Petitioner arrived in the United States

on December 30, 2024, and applied for asylum and related relief. The Immigration Judge denied her application; Petitioner appealed the denial, which is currently pending.[1]

Petitioner remarks that the Immigration Judge found that her testimony was consistent and she would more likely than not be arrested if returned to Russia. Petitioner argues that if she is returned to Russia, she will be harmed. She complains that since her arrival, she has been continuously detained for more than one year, and that her detention has occurred without any individualized determination that justifies continued confinement and without evidence that she poses a flight risk.

Petitioner appeared before an Immigration Judge for a bond hearing on May 2025, but the Immigration Judge stated that it did not have authority to grant bond in her case, and that if she continued to pursue bond, the request would be denied. Petitioner informs the Court that she has no history of violence or criminal conduct. She is actively pursuing asylum due to her associations with Ukraine, Russian law enforcement's continued pursuit of her whereabouts, and lack of protection for her safety.

<u>**LAW AND ANALYSIS**</u>

Petitioner argues that her continued detention violates the United States' Constitution and laws of the United States—specifically, the Due Process Clause of the Fifth Amendment and the statutory framework governing civil immigration detention.

---

[1] According to the Executive Office of Immigration Review (EOIR) https://acis.eoir.justice.gov/en/,  the Department of Homeland Security filed their brief on February 18, 2026, and Petitioner filed her appellant brief on  February 25, 2026.

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *see also Suburban Propane, L.P. v. D & S GCTX LLC*, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Under 8 U.S.C. § 1231(a)(1)(A), "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." Under Section 1231(a)(6), "An alien ordered removed who is inadmissible[,] . . . removable[,] . . . or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of

removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3)." In *Zadvydas*, 533 U.S. at 682, the Supreme Court construed Section 1231(a)(6) "to contain an implicit 'reasonable time' limitation, the application of which is subject to federal-court review."

"[T]he Court construed § 1231(a)(6) to mean that an alien who has been ordered removed may not be detained beyond 'a period reasonably necessary to secure removal,' 533 U.S., at 699, 121 S.Ct. 2491 and it further held that six months is a presumptively reasonable period, *id.,* at 701, 121 S.Ct. 2491. After that, the Court concluded, if the alien 'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the Government must either rebut that showing [with evidence] or release the alien." *Jennings v. Rodriguez*, 138 S. Ct. 830, 843 (2018) (quoting *Zadvydas*, 533 U.S. at 699).5 If removal is not reasonably foreseeable, "the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 700. Here, the Government has not had the opportunity to rebut any presumption because it has not been served with Petitioner's Petition for Writ of Habeas Corpus. Additionally, this Court cannot rely solely on Petitioner's allegations without verifiable proof of the facts alleged in the Petition. Petitioner has not provided any evidence, such as the Immigration Judge's ruling or any documents to substantiate Petitioner's factual allegations.

Be that as it may, the Fifth Circuit has held that mandatory detention of a noncitizen pending removal is authorized under 8 U.S.C. § 1225(a), and that holding is binding on this court. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

Petitioner has been held in continuous detention since December 30, 2024. The Fifth Circuit has spoken, and this Court is bound by its decision that detention is mandatory under the statutory text. However, the Court notes that the *Buenrostro-Mendez* did not address whether or not that Petitioner's due process rights were violated by his detention. The issue before that court was solely the statutory question concerning 8 U.S.C. § 1225(b). See *Jose Rogelio Cumbe Lema v. Mary De Anda-Ybarra, et al*, Civ. Action No. 26-cv-249 (W.D. Tex. El Paso Div., 2/9/26). While this Court is hesitant to grant Petitioner's request for a temporary restraining order, the Court is concerned with the length of time that Petitioner has been detained. Accordingly,

**IT IS ORDERED** that Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) is **DENIED.**

**IT IS FURTHER ORDERED** that the matter is referred to the Magistrate Judge for consideration on an expedited briefing schedule and to issue a report and recommendation as to Petitioner's allegations that her detention is in violation of her due process rights.

**IT IS FURTHER ORDERED** that the Clerk serve a summons, a copy of the Petition and a copy of this Memorandum Order by certified mail on the Warden of

Richwood Correctional Center, DHS/ICE through its Director, the United States Attorney

General and the United States Attorney for the Western District of Louisiana.

**IT IS FURTHER ORDERED** that Respondents answer the Petition within **21 days**

following the date of service and file a memorandum of law addressing the issue of

Petitioner's allegations concerning her procedural due process rights.

**THUS DONE AND SIGNED** in chambers on this 17th day of April, 2026.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**